Otto H. Kahn, Addie W. Kahn, and Gilbert W. Kahn, Trustees, Residuary Estate of Abraham Wolff, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 54767.   Promulgated December 7, 1932.

OPINION.

Murdock: The Commissioner determined a deficiency of $3,961.39 in the petitioners' income tax liability for the year 1927. The Commissioner determined that the estate realized a profit of $435.40 upon the liquidation of 34 shares of New York Railways Participation Corporation voting trust certificates. A loss of $38,064.09 had been claimed on the return on account of the liquidation of these shares. The only issue is as to the basis for gain or loss which these shares take under the Revenue Act of 1926. The facts were stipulated, but need not be set out in full.

The petitioners, or former trustees of the same estate, acquired $150,000 par value of Metropolitan Street Railway Company 4 per cent bonds in 1904 at a cost of $143,155.28. On March 14, 1912, these bonds were exchanged, pursuant to a plan of reorganization,

for the following bonds of the newly organized The New York Railways Company: $37,500 par value first refunding mortgage bonds having a fair market value at the date of the exchange of $30,750, and $112,500 par value 5 per cent adjustment mortgage income bonds having a fair market value at the date of the exchange of $61,875. The estate used first refunding mortgage bonds of the par value of $3,675 to repay the principal and interest on a loan, and retained $33,825 par value of these bonds. During March, 1912, after the exchange above mentioned, the estate purchased for cash $175 par value first refunding mortgage bonds for $143.06 and thereafter held $34,000 par value.of the first refunding mortgage bonds. In 1925, pursuant to a plan of reorganization of The New York Railways Company, the estate exchanged the $34,000 par value of first refunding mortgage bonds for bonds of the new company having a fair market value at the time of the exchange of $7,984.90, and 34 shares of The New York Railways Participation Corporation voting trust certificates having a fair market value at the time of the exchange of $9,690. In 1927 the estate received a final liquidating dividend on these 34 shares. The total of dividends received was $14,849.16. The Commissioner, in determining the deficiency, used $27,879.56 as a basis for gain or loss on the securities received in the 1925 reorganization. This basis was made up of $143.06, the cost of $175 par value of bonds purchased in March, 1912, and $27,736.50, the fair market value at the date of the 1912 exchange of $33,825 par value of first refunding mortgage bonds received in the exchange which took place at that time. He then allocated this basis between the bonds and shares received in the 1925 exchange in proportion to the fair market value of each. In this way he determined that the basis for gain or loss on the 34 shares was $15,284.56.

The petitioners disagree with the Commissioner only with respect to the effect which the 1912 reorganization exchange had upon the basis for gain or loss of the securities acquired in that exchange. They apparently concede that if the Commissioner's theory of the effect of the 1912 reorganization and exchange is correct, the profit determined by the Commissioner is correct. In other words, they make no other attack upon the Commissioner's figures or method of computation. They contend that the securities acquired in the 1912 reorganization exchange took the same basis which the property exchanged had, to wit, original cost in 1904, because the securities held before and after the 1912 exchange were essentially the same. They concede that if the final disposition of the securities in question had occurred prior to 1924, *Marr* v. *United States*, 268 U. S. 536, would have fully supported the Commissioner's determination, and, further, if disposition had occurred in any of the years 1918 to 1923, inclusive, the present contention could not be reconciled

with *John J. Radel Co.*, 5 B. T. A. 250, and *St. Louis Union Trust Co., Executor*, 14 B. T. A. 323. They point out that the Revenue Act of 1926, in providing for the basis of property acquired before March 1, 1913, makes no reference to reorganization exchanges. They call attention to the difference in certain provisions of the Revenue Acts of 1918 and 1921 as opposed to corresponding provisions of the Revenue Acts of 1924 and 1926 and argue inferentially that Congress, in the two latter acts, intended to provide for no change of basis in any reorganization exchange, regardless of date They say that if there is any doubt about drawing such an inference, the reports of Congressional Committees must be examined for the Congressional intent and there one will find that Congress was referring to types of exchanges and was not making any division with regard to dates.

We find no justification in the acts for the petitioners' view. The provisions of the 1926 Act are clear. The words used therein permit of no doubt as to how the profit in this particular case should be computed. Section 204(a)(6) was unnecessary and pointless if the property received takes the basis of that given up in all exchanges of this type. The presence of subparagraph (6) in section 204(a), and the absence of any similar provision in section 204(b), clearly shows that Congress intended different results, depending upon whether the exchange in which the property was acquired took place before March 1, 1913, or after February 28, 1913. If after February 28, 1913, the old basis carried through, but if before March 1, 1913, the property acquired took a new basis different from that of the property exchanged. Here one exchange was after February 28, 1913, and the basis did not change. But another exchange was in 1912 and the basis changed at that time. Cf. *Marr* v. *United States, supra.*

Section 202(a) provides that the gain from the disposition of property shall be the excess of the amount realized therefrom over the basis provided in subdivision (a) or (b) of section 204, and the loss shall be the excess of such basis over the amount realized. Section 204(a) has to do with property acquired after February 28, 1913, and provides that the basis for such property shall be cost, except that " if the property was acquired upon an exchange described in subdivision (b), (d), (e) or (f) of section 203, the basis shall be the same as in the case of the property exchanged  *  *  *." This latter provision applies to the 34 shares, since they were acquired upon a nontaxable exchange of the kind described in section 203(b)(2). Thus, the property acquired by the petitioner in the 1925 exchange takes the basis of the property exchanged. The property exchanged was $34,000 par value of first refunding mortgage bonds. So far, the parties may not be in disagreement. But the

petitioner apparently contends that, in determining the cost basis for this $34,000 par value of bonds, section 204(a)(6) again applies as does section 203(b)(2), so that these bonds acquired in the 1912 exchange take the cost basis of the bonds given in that exchange. Thus, he gets back to the original cost of the bonds. However, the bonds of $34,000 par value which we are now considering were not acquired after February 28, 1913. Consequently, section 204(a) has no further application. These bonds were property acquired before March 1, 1913, and therefore section 204(b) applies. Section 204(b) provides that the basis for determining gain or loss on the disposition of property acquired before March 1, 1913, shall be the cost of such property or the fair market value of such property as of March 1, 1913, whichever is greater. The parties agree that cost is greater than March 1, 1913, value. The cost of $175 par value of these bonds is $143.06. The remainder of these bonds, having a par value of $33,825, were acquired in the exchange which took place in March, 1912. Their cost to the petitioner was the fair market value at the date of the exchange of the property given in exchange for them. *John J. Radel Co., supra; St. Louis Union Trust Co., Executor, supra; John Glackner Realty Corp.,* 11 B. T. A. 151; *Alden Anderson,* 19 B. T. A. 371; *Peter Doelger Brewing Co.,* 22 B. T. A. 1176; *Reliance Investment Co.,* 22 B. T. A. 1287; *Rice* v. *Commissioner,* 47 Fed. (2d) 99. The parties have not stipulated the value of this property. They have stipulated, however, that the first refunding mortgage bonds had a fair market value at the date of this exchange of $820 for each $1,000 bond. The Commissioner has used this value as cost, apparently assuming that the property given in exchange had the same value as the property received. The petitioner makes no objection to the use of this value if his own theory is rejected. We find no error in the Commissioner's determination of the profit from this transaction.

The parties have stipulated that the petitioner has made a payment of a part of its tax not shown as a credit in the notice of deficiency.

*Judgment will be entered under Rule 50.*